```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #: _____
                                              DATE FILED: September 16, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,            :

                         Plaintiff,            :       12 Civ. 5027 (PAC)
                                                                ECF Case

    -against-                                  :

PHILIP A. FALCONE, HARBINGER CAPITAL          :
PARTNERS OFFSHORE MANAGER, L.L.C.,
HARBINGER CAPITAL PARTNERS SPECIAL             :
SITUATIONS GP, L.L.C.,
                                                               :
                        Defendants.
                                                               :
------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,            :

                         Plaintiff,            :      12 Civ. 5028 (PAC)
                                                                 ECF Case

    -against-                                  :

HARBINGER CAPITAL PARTNERS LLC;                :
PHILIP A. FALCONE; and PETER A. JENSON,
                                                               :
                        Defendants.

------------------------------------------------------------------------x

ORDER

On August 19, 2013, the SEC submitted a Consent and proposed Final Consent Judgment as to all Defendants in 12 Civ. 5027 and all Defendants, except Jenson, in 12 Civ. 5028.[1] Falcone and the Harbinger Fund defendants agree that the Consent is incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

---

[1] The SEC Enforcement Division had proposed a settlement earlier, but its terms were rejected by the Commission. Upon renewed settlement negotiations, however, the parties revised the agreement, and the Commission approved it.

The Complaint in 12 Civ. 5027 charges that Defendants engaged in a market manipulation scheme, in the form of a "short squeeze," to constrict the supply of a security with the intention of forcing short sellers to settle at an elevated price. The Complaint in 12 Civ. 5028 charges (i) Falcone improperly borrowed $113.2 million from a Harbinger fund at a below market interest rate, to pay his personal tax obligations, during a time when other investors were barred from making redemptions, and failed to disclose the loan until five months later; and (ii) Falcone and a Harbinger fund offered preferential redemption terms to large investors in order to gain their support for the imposition of more restrictive redemption terms on other investors, without disclosing the arrangement to the fund's directors and the other fund investors.

Falcone and the Harbinger Fund defendants admit to the facts set forth in Annex A to the Consent. Those facts parallel (indeed, many paragraphs of the Annex are the same as) the allegations in the two Complaints. Falcone and the Harbinger Fund defendants acknowledge that there may be collateral consequences and agree that they may not contest the factual allegations of the complaints in any disqualification proceedings. Further, Falcone and the Harbinger Fund defendants agree not to deny, directly or indirectly, the allegations in the two complaints or make any statements to the effect that they have not admitted the allegations of the complaints. Finally, Falcone and the Harbinger Fund defendants withdraw any papers filed in these two actions which deny any allegations in the two Complaints.

Based on Falcone's and the Harbinger Fund defendants' admitted conduct and behavior, the Final Consent Judgment directs the following remedial provisions:

> (1) Falcone is barred for five years from acting as or associating with a broker, dealer, investment advisor, municipal securities dealer, municipal advisor, transfer agent or nationally recognized statistical rating organizations, with certain limited and specific exceptions concerning the continuing operation of the defendant funds.

(2) The appointment of an independent monitor, pursuant to specified procedures, to review and insure compliance with the Final Consent Judgment.

(3) Payment of more than $18,000,000 in disgorgement, interest, penalties, which will not be subject to reimbursement or indemnification from any source—including insurance.[2]

Based on the statement of facts alleged in the two Complaints, the facts set forth in the Consent, and the facts set forth in the Judgment, all of which Falcone and the Harbinger Fund defendants acknowledge and admit, the sanctions imposed in the Final Consent Judgment (five-year ban on Falcone; the appointment of the independent monitor, selected through an agreed upon process; and the $18 million plus in disgorgement, plus interest and penalties), are appropriate and proportionate to Defendants' admitted wrongful conduct. Accordingly, the Court finds that the proposed Final Consent Judgment constitutes a fair and appropriate resolution of these two matters.

The Court approves the Final Consent Judgment, submitted by the SEC on August 19, 2013, and directs the Clerk of the Court to enter the Judgment.

Dated: New York, New York
       September 16, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[2] The Final Consent Judgment allocates the $18 million (plus) between 12 Civ. 5027 and 12 Civ. 5028, and within each case specifies the disgorgement amounts, plus interests, with penalties; and further directs which Defendants are to pay certain, specified amounts. The Final Consent Judgment also provides a payment schedule for amounts due and owing. Given the admitted facts, the disgorgement amounts, plus interest, are accurate and the penalties are appropriate, and proportionate to the disgorgement amounts.