UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : **12 Civ. 5027 (PAC)** |
| | : **ECF Case** |
| -against- | : |
| | : |
| PHILIP A. FALCONE, HARBINGER CAPITAL | : |
| PARTNERS OFFSHORE MANAGER, L.L.C., | : |
| HARBINGER CAPITAL PARTNERS SPECIAL | : |
| SITUATIONS GP, L.L.C., | : |
| | : |
| Defendants. | : |
| | : |

———————————————————————

———————————————————————

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : **12 Civ. 5028 (PAC)** |
| | : **ECF Case** |
| -against- | : |
| | : |
| HARBINGER CAPITAL PARTNERS LLC; | : |
| PHILIP A. FALCONE; and PETER A. JENSON, | : |
| | : |
| Defendants. | : |
| | : |

———————————————————————

## FIRST REPORT OF INDEPENDENT MONITOR

James D. Dunning, Jr., the Independent Monitor, hereby submits the Independent Monitor's

First Report for the period ending May 5, 2014 (the "First Quarter").

### Background

On September 16, 2013, the Court entered the Final Consent Judgment (the "Final

Judgment") as to Defendants Philip A. Falcone; Harbinger Capital Partners LLC; Harbinger Capital

Partners Offshore Manager, L.L.C.; and Harbinger Capital Partners Special Situations GP, L.L.C. (collectively, the "Harbinger Defendants") in the above-captioned consolidated actions. [1]

Section I.A of the Final Judgment provides, in pertinent part, that Mr. Falcone shall be enjoined from "acting as or being an associated person of any broker, dealer, investment advisor, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization (each, a 'Regulated Entity')," except, as provided in Section I.B of the Final Judgment, Mr. Falcone may remain an associated person of Harbinger Capital Partners LLC ("Harbinger") and the Harbinger Advisers (the entities listed on Schedule A of the Final Judgment).

Section I.C of the Final Judgment provides that the Harbinger Defendants shall take all actions reasonably necessary to expeditiously satisfy all pending or hereafter received redemption requests of investors in the Harbinger Funds (the entities listed on Schedule B of the Final Judgment), which may include the orderly disposition of the assets of the Harbinger Funds.  The Harbinger Advisers may not raise new capital or make capital calls from existing investors.

Section I.D exempts from Section I.C of the Final Judgment the assets of the Harbinger Funds (the "LightSquared Assets") that are subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York in *In re Light Squared Inc., et al.*, Case No. 12-12080 (SCC) (Bankr. S.D.N.Y.)(the "Bankruptcy Proceedings").  Through the end of the First Quarter, the Bankruptcy Proceedings remain ongoing.

Pursuant to Section II.B of the Final Judgment,  the Harbinger Defendants agreed to the appointment of an Independent Monitor to oversee the Harbinger Defendants' activities referenced in Sections I.A, I.B. I.C and I.D of the Final Judgment and to ensure compliance with side letters and other obligations to investors (the "Side Letters") to endure fair and equitable treatment of all investors in the Harbinger Funds.  The Final Judgment also provides that the Independent Monitor

---

[1]     All capitalized terms have the definitions set forth in the Final Judgment.

is to file quarterly reports with the Court summarizing the compliance with this directive.  In the

event that the Independent Monitor believes that any Harbinger Defendant has failed to comply with

the Final Judgment, the Final Judgment provides that the Independent Monitor shall file a certificate

of non-compliance with the Court.

On January 7, 2014, the Commission filed a proposed Order Appointing Independent

Monitor with the Court.

On February 5, 2014, this Court entered its Order Appointing Independent Monitor (the

"Appointment Order").  Pursuant to the Appointment Order, James D. Dunning, Jr. was appointed

Independent Monitor for a period of two years and authorized to retain Agents to assist him in

fulfilling duties under the Final Judgment and the Appointment Order.

## First Quarterly Report

### Summary

During the First Quarter, the Independent Monitor performed an extensive, general review

of the Harbinger Defendants' operations and a detailed review of matters pertaining to the

Independent Monitor's responsibilities under the Appointment Order.  The report that follows

provides a summary of that review, but does not purport to describe all activities of the Independent

Monitor.  So that this report may be made publicly available and filed with the Court on the public

docket, certain individuals and entities are described by role and certain business activities have

been described in general terms.  The Independent Monitor will, at the Court's request, furnish such

information under seal.

This initial review is the first substantive stage of the monitorship and is intended to permit

an assessment, going forward, of the Harbinger Defendants' compliance with activities as

referenced in Sections I.A, I.B, I.C and I.D of the Final Judgment.  This initial review was primarily

based upon information-gathering interviews of the Harbinger Defendants and their third-party

professionals, observation of board meetings and other on-site observations and upon review of

documents and information provided by the Harbinger Defendants to the Independent Monitor.  The

Independent Monitor did not seek to independently verify the information provided by the

Harbinger Defendants, or to test or audit the accuracy of the information.

The Harbinger Defendants appear to be committed to complying with the terms of the Final

Judgment, as referenced in Sections I.A, I.B, I.C and I.D thereof.  They have cooperated with the

Independent Monitor's initial review, made themselves available for extensive interviews, provided

access to books and records and facilitated access to their third-party professionals.  Through

multiple interviews of Mr. Falcone and the Harbinger Defendants' key employees, on-site

observations and reviews of documents and information, Mr. Falcone appears to have complied

with the terms of the limitation upon his activities stated in Section I.A of the Final Judgment.  With

specific respect to Section  I.C, the Harbinger Defendants are taking steps to satisfy redemption

requests of investors in the Harbinger Funds and appear to have complied with the limitation upon

the Harbinger Advisers' raising new capital or making capital calls from existing investors.  These

initial steps include disposing of certain assets of the Harbinger Funds and preparing to make

distributions to investors.

Section I.D exempts from Section I.C the LightSquared Assets during the pendency of the

Bankruptcy Proceedings.  Therefore, with respect to these assets, the Independent Monitor has

undertaken sufficient diligence to monitor the Bankruptcy Proceedings' progress, but has otherwise

focused efforts on monitoring compliance with Sections I.A, I.B and I.C of the Final Judgment.

### The Initial Review

During the First Quarter, the Independent Monitor conducted a wide range of interviews and

reviewed documents to gain a broad understanding of 1) background and structure of the Harbinger

Funds; 2) background and structure of the Harbinger Defendants; 3) current operations of the

Harbinger Defendants; 4) assets held by the Harbinger Funds; 5) status of the Bankruptcy

Proceedings; 6) historical issues and concerns of investors in the Harbinger Funds; and 7) the Side

Letters.  Having conducted these reviews, the Independent Monitor identified matters requiring

more in-depth review and issues to monitor on a going forward basis.  In particular, the Independent

Monitor has sought to understand processes to implement the requirements of Sections I.A and I.C

of the Final Judgment.  In addition, the Independent Monitor's appointment was announced to

investors, and he has also made himself available to meet with them.

The Independent Monitor's diligence began in January 2014 with in-person meetings with

Mr. Falcone and all key employees of the Harbinger Defendants.  Of these employees, Keith

Hladek, the Chief Financial Officer and Chief Operating Officer of Defendant Harbinger Capital

Partners LLC ("Harbinger Capital"), has served as primary liaison to the Independent Monitor

and has participated in regular meetings and phone calls with the Independent Monitor since

January 2014.  Mr. Falcone has also participated in multiple meetings and telephone calls. Other

key current and former Harbinger Capital employees interviewed include a Vice President of

Investments, Investment Counsel, Harbinger Capital's prior General Counsel and Chief

Compliance Officer and members of the Investor Relations, Operations and Accounting

departments.  All current Harbinger Capital employees were asked to provide their job

description, detail how the firm works and asked to outline any issues that they were aware of in

complying with the Final Judgment.

The Independent Monitor has also met with or had conference calls with representatives

of the Harbinger Funds.  These include two of the Harbinger Funds' Independent Directors,

representatives of State Street Corporation, the Harbinger Funds' custodian bank, which also maintains certain books and records of the Harbinger Funds, and attorneys at Schulte Roth & Zabel LLP ("Schulte Roth"), outside counsel to Harbinger and the Harbinger Funds. The attorneys at Schulte Roth have provided particular assistance with understanding the Side Letters and other obligations to investors. The Independent Monitor also had meetings with Ernst & Young, the Harbinger Funds' outside independent auditor.

In connection with the shares of Harbinger Group, Inc. ("HGI") held by the Harbinger Funds, the Independent Monitor has had multiple meetings with Mr. Falcone, who is Chairman and Chief Executive Officer of HGI, and Mr. Hladek, a Director of HGI. With respect to specific transactions, including the sale of HGI stock by the Harbinger Funds described below, the Independent Monitor has been also provided with the packages prepared for HGI's Board of Directors and other supplementary documentation.

In connection with the LightSquared Assets, the Independent Monitor has been regularly briefed by Harbinger's internal bankruptcy counsel and twice participated in meetings with Duff & Phelps and Valuation Research Corporation, both of which serve as external valuation experts to Harbinger Capital, and Ernst & Young, the Harbinger Funds' outside auditor.

In connection with Asian Coast Development Canada Ltd. ("ACDL"), an asset of the Harbinger Funds, the Independent Monitor has met and regularly participated on calls with ACDL's President and Chief Executive Officer, Chief Financial Officer, independent investment banking advisor and legal advisor and attended meetings of the ACDL Board as an observer. The Independent Monitor has been extensively briefed on the financial condition of ACDL, its operations and its management as well as its discussions with a number of potential new capital providers and operating partners.

On or about February 6, 2014, the Independent Monitor's appointment was announced to investors via letter from Harbinger Capital.  To date, the Independent Monitor has met with one investor group.

With respect to reviews of documents and information, such reviews include (1) the financial books and records of the Harbinger Funds, including details of the specific underlying classes of each Fund; (2) organizational structure charts for the Harbinger Funds and Harbinger Advisers; (3) an investor log reflecting communications from investors to the Harbinger Defendants and three years of correspondence files; (4) background information regarding the investments held by the Harbinger Funds; (5) timelines and other background materials prepared by Harbinger Defendants' General Counsel to assist the Independent Monitor, including summaries of the various Side Letters Harbinger and its affiliates have entered into with investors in the Harbinger; (6) policies and procedures, including Harbinger's Side Letter monitoring procedures; (7) documents pertaining to the Harbinger Funds' existing financing arrangements; (8) documents filed by HGI with the SEC; (9) court papers and ancillary documents for the Bankruptcy Proceedings; (10) a summary of all ongoing lititgation involving the Harbinger Funds and the Harbinger Advisers, and (11) the Harbinger Funds' quarterly financial statements through the quarter ended March 31, 2014.

The Independent Monitor was provided with access to Harbinger's Intralinks web site, which contains copies of all investor communications, monthly performance reports and all Harbinger Fund formation documents and investor subscription agreements.

## Compliance with the Final Judgment

Based upon the review detailed above, it appears that Mr. Falcone's association with Harbinger Capital and the Harbinger Funds during the First Quarter has been in compliance with Sections I.A of the Final Judgment.  I have not observed, through this review of books and records,

interviews conducted and observation of meetings, that Mr. Falcone has acted on or been associated with any other Regulated Entities during the First Quarter except as permitted by Section I.B of the Final Judgment.

During the First Quarter, I have observed the Harbinger Defendants taking actions to satisfy all outstanding redemption requests of investors in the Harbinger Funds, as required under Section I.C of the Final Judgment.

The Independent Monitor has observed that the Harbinger Defendants have, among other things, reviewed proposals and draft term sheets prepared by strategic and financial investors in connection with the potential sale of or for the potential investment in certain assets held by the Harbinger Funds.

On February 14, 2014 Harbinger announced to its investors in the respective feeder funds for Harbinger Capital Partners Master Fund, Ltd., Harbinger Capital Partners Special Situations Fund, LP and Credit Distressed Blue Line Master Fund, Ltd. that Harbinger has agreed to allow Hedgebay Securities LLC ("Hedgebay") to assist existing investors in facilitating the sale and purchase of fund interests. Hedgebay is now providing a dedicated "marketplace" on its password-protected website and through its services will provide indicative bid and offer prices to the sellers and buyers with respect to interests in the respective funds, which allows investors to list their holdings at the time of their choosing.

On March 21, 2014, Harbinger Capital closed the sale of certain preferred securities secured by the Harbinger Funds' interest in HGI in a private transaction to Leucadia National Corporation, which was reported on filings made with the SEC on March 19, 2014, and March 21, 2014. This resulted in proceeds of $253,000,000 to the Harbinger Funds. On March 31, 2014, Harbinger Capital closed a sale to third parties of an aggregate 7,000,000 shares of HGI common stock at a

price of $11.00 per share, which was reported on filings made with the SEC on April 1, 2014. This second sale resulted in additional proceeds of $77,000,000 to the Harbinger Funds.  On April 7, 2014, Harbinger Capital, together with other investors, closed the sale of the remainder of the Harbinger Funds' interest in The Manishevitz Company.  The proceeds of the above sales are currently held by the Harbinger Funds at their financial institutions.  Harbinger has initiated the process of distributing a significant amount of the proceeds.

The Independent Monitor has been provided with documents and information regarding which funds and classes of investors will receive distributions upon any monetization.  The Independent Monitor has received summary information regarding potential distribution of the proceeds from the sales.  Harbinger Advisers has informed the Independent Monitor that the distribution, if applicable, after necessary reserves for operating expenses, certain fund liabilities, and fund commitments, will be made in the upcoming quarter.

In addition, the Independent Monitor reviewed documents and information to confirm that the Harbinger Advisers has not raised new capital or made any capital calls from existing investors during the First Quarter.  From the information reviewed, it does not appear that Harbinger Advisers has raised new capital or made any capital calls from existing investors during the First Quarter.

The Independent Monitor received a report prepared by Harbinger Advisers on the nature of the Side Letters and has been informed that Harbinger Advisers regularly meets to review the Side Letters and assure compliance against the requirement of the operations of its business.  The Independent Monitor has set up a structure with Mr. Hladek to provide notice if there is any deviation from the Side Letters.

The Harbinger Funds' interest in the LightSquared Assets remains subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York. Therefore, the Independent Monitor's activities were limited to the gathering of information and gaining a fuller understanding as described above. Pursuant to Section I.D of the Final Judgment, following the conclusion of the Bankruptcy Proceedings, the disposition of the Harbinger Funds' interest in the reorganized LightSquared Inc. or such other reorganized entity will be determined by Mr. Falcone and the Harbinger Advisers, subject to the Independent Monitor's oversight as provided in the Final Judgment.

Dated:  May 5, 2014

Respectfully Submitted,

James D. Dunning, Jr.

Of Counsel:

Adrienne Ward, Esq. (AMW-4126)
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
212 370-1300 (phone)
212 370-7889 (facsimile)
award@egsllp.com
*Counsel to Independent Monitor*