UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :        12 Civ. 5027 (PAC)
                          Plaintiff,      :        ECF Case
                                          :
           -against-                      :
                                          :
PHILIP A. FALCONE, HARBINGER CAPITAL      :
PARTNERS OFFSHORE MANAGER, L.L.C.,        :
HARBINGER CAPITAL PARTNERS SPECIAL        :
SITUATIONS GP, L.L.C.,                    :
                                          :
                          Defendants.     :
                                          :
_____:

_____
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :        12 Civ. 5028 (PAC)
                          Plaintiff,      :        ECF Case
                                          :
           -against-                      :
                                          :
HARBINGER CAPITAL PARTNERS LLC;           :
PHILIP A. FALCONE; and PETER A. JENSON,   :
                                          :
                          Defendants.     :
                                          :
_____:

## THIRD REPORT OF INDEPENDENT MONITOR

James D. Dunning, Jr., the Independent Monitor, hereby submits the Independent Monitor's

report for the period ending November 5, 2014 (the "Third Quarter" and "Third Report").

## Background

On September 16, 2013, the Court entered the Final Consent Judgment (the "Final

Judgment") as to Defendants Philip A. Falcone; Harbinger Capital Partners LLC; Harbinger Capital

Partners Offshore Manager, L.L.C.; and Harbinger Capital Partners Special Situations GP, L.L.C. (collectively, the "Harbinger Defendants") in the above-captioned consolidated actions. [1]

Section I.A of the Final Judgment provides, in pertinent part, that Mr. Falcone shall be enjoined from "acting as or being an associated person of any broker, dealer, investment advisor, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization (each, a 'Regulated Entity')," except, as provided in Section I.B of the Final Judgment, Mr. Falcone may remain an associated person of Harbinger Capital Partners LLC ("Harbinger") and the Harbinger Advisers (the entities listed on Schedule A of the Final Judgment).

Section I.C of the Final Judgment provides that the Harbinger Defendants shall take all actions reasonably necessary to expeditiously satisfy all pending or hereafter received redemption requests of investors in the Harbinger Funds (the entities listed on Schedule B of the Final Judgment), which may include the orderly disposition of the assets of the Harbinger Funds.  The Harbinger Advisers may not raise new capital or make capital calls from existing investors.

Section I.D exempts from Section I.C of the Final Judgment the assets of the Harbinger Funds (the "LightSquared Assets") that are subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York in *In re Light Squared Inc., et al.*, Case No. 12-12080 (SCC) (Bankr. S.D.N.Y.)(the "Bankruptcy Proceedings").  The Bankruptcy Proceedings remain ongoing.

Pursuant to Section II.B of the Final Judgment, the Harbinger Defendants agreed to the appointment of an Independent Monitor to oversee the Harbinger Defendants' activities referenced in Sections I.A, I.B. I.C and I.D of the Final Judgment and to ensure compliance with side letters and other obligations to investors (the "Side Letters") to endure fair and equitable treatment of all investors in the Harbinger Funds.  The Final Judgment also provides that the Independent Monitor

---

[1]     All capitalized terms have the definitions set forth in the Final Judgment.

is to file quarterly reports with the Court summarizing the compliance with this directive.  In the event that the Independent Monitor believes that any Harbinger Defendant has failed to comply with the Final Judgment, the Final Judgment provides that the Independent Monitor shall file a certificate of non-compliance with the Court.

On January 7, 2014, the Commission filed a proposed Order Appointing Independent Monitor with the Court.

On February 5, 2014, this Court entered its Order Appointing Independent Monitor (the "Appointment Order").  Pursuant to the Appointment Order, James D. Dunning, Jr. was appointed Independent Monitor for a period of two years and authorized to retain Agents to assist him in fulfilling duties under the Final Judgment and the Appointment Order.

The Independent Monitor filed his First Quarterly Report for the period February 5, 2014, through May 5, 2014 (the "First Quarter") on May 5, 2014, and the Second Quarterly Report for the period May 6, 2014, through August 5, 2014 (the "Second Quarter"), on August 5, 2014.

## Third Quarterly Report

### Summary

During the Third Quarter, the Independent Monitor reviewed and observed in detail matters pertaining to the Independent Monitor's responsibilities under the Appointment Order.  The report that follows provides a summary of that review, but does not purport to describe all activities of the Independent Monitor.  So that this report may be made publicly available and filed with the Court on the public docket, certain individuals and entities are described by role and certain business activities have been described in general terms.  The Independent Monitor will, at the Court's request, furnish such information under seal.

During the First Quarter, the Independent Monitor performed an extensive, general review of the Harbinger Defendants' operations and a detailed review of matters pertaining to the Independent Monitor's responsibilities under the Appointment Order.  Since then and continuing through the Third Quarter, the Independent Monitor has used that information to assess the Harbinger Defendants' compliance with activities as referenced in Sections I.A, I.B, I.C and I.D of the Final Judgment through a variety of activities.  The Independent Monitor held regular in-person and telephonic meetings with the Harbinger Defendants and their third-party professionals, observed board meetings and conducted other on-site observations and reviewed documents and information provided by the Harbinger Defendants to the Independent Monitor.  In addition, the Independent Monitor met with a number of  investors in the Harbinger Funds to gain a fuller understanding of their concerns.  The Independent Monitor did not seek to independently verify the information provided by the Harbinger Defendants, or to test or audit the accuracy of the information.

The Harbinger Defendants appear to be committed to complying with the terms of the Final Judgment, as referenced in Sections I.A, I.B, I.C and I.D thereof.  They have cooperated with the Independent Monitor's review, made themselves available for extensive meetings and informal discussions, provided access to books and records and facilitated access to their third-party professionals.  Through multiple discussions with Mr. Falcone and the Harbinger Defendants' key employees, on-site observations and reviews of documents and information, Mr. Falcone appears to have complied with the terms of the limitation upon his activities stated in Section I.A of the Final Judgment.  With specific respect to Section  I.C, the Harbinger Defendants are taking steps to satisfy redemption requests of investors in the Harbinger Funds and appear to have complied with the limitation upon the Harbinger Advisers' raising new capital or making capital calls from

existing investors.  As detailed in prior reports, initial steps included the distribution of certain assets of the Harbinger Funds to investors.  The Independent Monitor is continuously looking at responsible opportunities for making further distributions.

Section I.D exempts from Section I.C the LightSquared Assets during the pendency of the Bankruptcy Proceedings.  Therefore, with respect to these assets, the Independent Monitor has undertaken sufficient diligence and continues to monitor the Bankruptcy Proceedings' progress, but has otherwise focused efforts on monitoring compliance with Sections I.A, I.B and I.C of the Final Judgment.

### Monitoring of the Harbinger Defendants' Activities

In general, the Independent Monitor had a weekly meeting or conference call with key employees of Defendant Harbinger Capital Partners LLC ("Harbinger Capital"), including Mr. Falcone and Keith Hladek, Harbinger Capital's Chief Financial Officer and Chief Operating Officer, who has served as primary liaison to the Independent Monitor since January 2014.  Mr. Falcone has also participated in multiple meetings and telephone calls. Other key Harbinger Capital employees participated depending on the issues raised, including a Vice President of Investments and members of the Investor Relations, Operations and Accounting departments. During the Third Quarter, the Independent Monitor also attended a telephonic meeting of the Independent Directors of the Harbinger Funds' boards and meetings with US fund counsel and Cayman counsel.

During the Third Quarter, several investors in the Harbinger Funds contacted the Independent Monitor with questions and concerns.  The Independent Monitor met with certain of the investors and addressed others' questions through written correspondence.

In connection with the shares of Harbinger Group, Inc. ("HGI") held by the Harbinger Funds, the Independent Monitor has heard from numerous investors regarding their desire for liquidity in this investment.  During the quarter, the Independent Monitor had additional meetings to discuss asset maximization versus liquidity strategies for HGI with Mr. Falcone and Mr. Hladek. The Independent Monitor believes that Mr. Falcone is highly focused on this issue and is working diligently on opportunities to provide further liquidity.

In connection with the LightSquared Assets, the Independent Monitor has been regularly briefed by Harbinger Capital's Vice President responsible for overseeing the LightSquared Assets.  The Independent Monitor also attended the monthly telephonic valuations meetings during the Third Quarter with Duff & Phelps and Valuation Research Corporation, both of which serve as external valuation experts to Harbinger Capital.

In connection with Asian Coast Development Canada Ltd. ("ACDL"), an asset of the Harbinger Funds, in the Third Quarter the Independent Monitor participated on calls and in-person meetings with ACDL's President and Chief Executive Officer and attended a meeting of the ACDL Board as an observer.  The Independent Monitor received extensive briefing on the financial condition of ACDL, its operations and management, its positioning for the potential of locals gaming in Vietnam and its discussions with a number of potential real estate development partners.

## Compliance with the Final Judgment

Based upon the review detailed above, it appears that Mr. Falcone's association with Harbinger Capital and the Harbinger Funds during the Third Quarter has been in compliance with Sections I.A of the Final Judgment.  The Independent Monitor has not observed, through this review of books and records, interviews conducted and observation of meetings, that Mr. Falcone has acted

as or been associated with any other Regulated Entities during the Third Quarter except as permitted by Section I.B of the Final Judgment.

During the Third Quarter, the Independent Monitor observed the Harbinger Defendants taking actions to satisfy all outstanding redemption requests of investors in the Harbinger Funds, as required under Section I.C of the Final Judgment.  These action include developing future liquidity strategies around HGI and continuing discussions with strategic and financial investors regarding ACDL.  Additionally, during the Second and Third Quarters, the Independent Monitor also monitored activities surrounding the repayment of a term loan by Harbinger Capital Partners Master Fund (the "Master Fund") that came due on June 28, 2014, and the Harbinger Defendants efforts to obtain new financing.  As was announced to investors on August 19, 2014, the Master Fund entered into a Margin Loan Agreement on June 14, 2014, with Credit Suisse AG, Cayman Branch.  The Independent Monitor observed that terms of the loan were consistent with restrictions upon financing stated in the final judgment.

As described in the Independent Monitor's report for the First Quarter, for investors in the respective feeder funds for Harbinger Capital Partners Master Fund, Ltd., Harbinger Capital Partners Special Situations Fund, LP and Credit Distressed Blue Line Master Fund, Ltd., Hedgebay Securities LLC is now providing a dedicated "marketplace" on its password-protected website and through its services will provide indicative bid and offer prices to the sellers and buyers with respect to interests in the respective funds, which allows investors to list their holdings at the time of their choosing.

As described in the Independent Monitor's prior reports, Harbinger Capital closed the sale of HGI common stock, which resulted in cash proceeds of approximately $330 million, during the First Quarter and distributed proceeds during the Second Quarter.  Through weekly meetings, the

Independent Monitor has observed that the Harbinger Defendants continue to seek liquidity opportunities for the HGI stock that are in the best interests on the Harbinger Funds. With respect to the amount of proceeds from the asset sales held in reserve, the Independent Monitor is continuously looking at responsible opportunities for making further distributions.

In addition, the Independent Monitor reviewed documents and information to confirm that Harbinger Advisers has not raised new capital or made any capital calls from existing investors during the Third Quarter. From the information reviewed, it does not appear that Harbinger Advisers raised new capital or made any capital calls from existing investors during the Third Quarter.

During the First Quarter, the Independent Monitor received a report prepared by Harbinger Advisers on the nature of the Side Letters and set up a structure with Mr. Hladek to provide notice if there is any deviation from the Side Letters. To date, the Independent Monitor has not received any such notice. During the Third Quarter, the Independent Monitor received a letter from one of the investors regarding compliance with its Side Letter, conducted diligence and determined that the Harbinger Defendants did not appear to have deviated from the terms of the Side Letter.

The Harbinger Funds' interest in the LightSquared Assets remains subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York. Therefore, the Independent Monitor's activities were limited to the gathering of information and gaining a fuller understanding as described above. Pursuant to Section I.D of the Final Judgment, following the conclusion of the Bankruptcy Proceedings, the disposition of the Harbinger Funds' interest in the reorganized LightSquared Inc. or such other reorganized entity will be determined by Mr. Falcone and the Harbinger Advisers, subject to the Independent Monitor's oversight as provided in the Final Judgment.

Dated:  November 5, 2014

Respectfully Submitted,

_____

James D. Dunning, Jr.


Of Counsel:

/s/ Adrienne M. Ward_____
Adrienne Ward, Esq. (AMW-4126)
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
212 370-1300 (phone)
212 370-7889 (facsimile)
award@egsllp.com
*Counsel to Independent Monitor*

Dated:  November 5, 2014

Respectfully Submitted,

James D. Dunning, Jr.

Of Counsel:

_____

Adrienne Ward, Esq. (AMW-4126)
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Floor
New York, NY 10105
212 370-1300 (phone)
212 370-7889 (facsimile)
award@egsllp.com
*Counsel to Independent Monitor*

9